Cite as 2020 Ark. App. 210

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-19-302

| | |
|---|---|
| JOSEPH WAYNE PONDER<br><br>APPELLANT<br><br>V.<br><br>HALEY MCCAIN<br><br>APPELLEE | **Opinion Delivered**: April 1, 2020<br>APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT<br>[NO. 62CV-18-28]<br><br>HONORABLE CHALK MITCHELL, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Joseph Ponder filed a complaint for breach of contract and replevin against appellee Haley McCain stemming from the July 2017 purchase of a vehicle. Finding no valid contract existed between the parties, the St. Francis County Circuit Court entered an order dismissing the complaint with prejudice. On appeal, appellant contends that the circuit court erred in finding that (1) the December 2017 agreement was not a valid contract and (2) there was no previous agreement between the parties that was merged into the December 2017 agreement. We affirm.

Appellee, a single mother of two children, was experiencing car trouble. Due to credit issues, appellee was unable to obtain a car loan on her own. Appellant, her neighbor and friend of more than twenty years, agreed to cosign for the purchase of a new vehicle for appellee. However, on July 17, 2017, once at the car dealership, appellant negotiated a cash price for a certain 2017 Chevrolet Malibu and then wrote and delivered a check from his

personal account in the amount of $25,555.52 to Bull Motor Company for the purchase of the vehicle for appellee. The vehicle was titled in appellee's name only.

On December 1, 2017, appellant walked over to appellee's house and informed her that his children discovered that he purchased a vehicle for her and were very upset. His son drafted a contract with repayment terms, listing appellant as "lender" and appellee as "borrower" and stating the following:

> The borrower pledges that the car being bought will be owned by Lender as a security for the note that is payable. The title to the collateral will be transferred to the borrower after Loan is paid back to the Lender in full.

The effective date of the agreement is identified as December 1, 2017. Both parties signed the agreement. At no time did appellee deliver the title to the vehicle to appellant or make any payment on the vehicle.

On February 1, 2018, appellant filed a complaint for breach of contract and a replevin action for repossession of the 2017 Chevrolet Malibu. Following a bench trial, the circuit court found that (1) the December 2017 agreement was void for lack of consideration and mutuality and (2) there was no prior agreement in existence that was reduced to writing in the December 2017 agreement. Appellant now appeals.

The standard of review for bench trials is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence.[1] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made.[2]

---

[1]*Essential Accounting Sys., Inc. v. Dewberry*, 2013 Ark. App. 388, 428 S.W.3d 613.

[2]*Id.*

On appeal, appellant contends that the circuit court erred in finding that no valid contract existed between the parties. He asserts that the December 2017 loan agreement was a valid and enforceable contract and appellee's failure to abide by the terms of that agreement constituted a breach.

Under Arkansas law, the essential elements of a contract are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, (5) and mutual obligations.[3] Consideration is any benefit conferred or agreed to be conferred upon the promisor to which he is not lawfully entitled, or any prejudice suffered or agreed to be suffered by promisor, other than that which he is lawfully bound to suffer.[4] Mutual promises constitute consideration, each for the other.[5] While mutual promises will sustain a contract, there is no valid agreement if there is no promise by one party as a consideration for the other's promise.[6]

Here, the facts are largely undisputed. Appellant testified that when the vehicle was purchased, "[t]he Defendant and I did not sign anything on July 17th about whether or not it was going to be a loan, and on that day we didn't discuss any terms about repayment of the loan. That day I didn't get anything that gave me a right to title or repayment of money." The title to the Chevrolet Malibu was issued in appellee's name only; appellant testified that

---

[3]*Daimler-Chrysler Corp. v. Smelser*, 375 Ark. 216, 289 S.W.3d 466 (2008).

[4]*Kearney v. Shelter Ins. Co.*, 71 Ark. App. 302, 29 S.W.3d 747 (2000).

[5]*Id.*

[6]*Id.*

"I didn't want my name on the title because that was something I wanted to keep between me and her and nobody else at that time."

Appellant and appellee both testified that there was no discussion of or demand for payment until appellant's children became aware that he purchased a vehicle for appellee. "They wanted me to get an agreement, and my son, Kevin, prepared the Loan Agreement to take to the Defendant. I took it over at my son's request and asked her to sign it, and she did. When I took the contract over to the Defendant on that day, I didn't give her anything else that I remember." Appellant testified that his children told him, "[Y[ou've got to fix this, you've got to go get a contract."

At the time the loan agreement was signed, appellee had been in possession of the 2017 Chevrolet Malibu for more than four months. The vehicle was registered and titled in her name. Appellee received no benefit by signing the loan agreement; it bound her to make payments on a vehicle that she already owned free and clear, but it did not likewise bind appellant to any mutual obligation. The effective date of the agreement is stated as December 1, 2017. There was no loan at that time; the vehicle purchase at issue occurred months beforehand in July 2017. The loan agreement did not contemplate any performance or obligation on appellant's part; it required nothing of him. Because neither party is bound unless both are bound, the loan agreement lacked the consideration and mutuality of promise required for a valid contract.[7]

Appellant additionally argues that "if the trial court were persuaded there was an oral agreement, it was ratified and merged into the subsequent Loan Agreement executed on

---

[7] *See Asbury Auto. Used Car Ctr., LLC v. Brosh*, 364 Ark. 386, 220 S.W.3d 637 (2005).

4

December 1, 2017." It was appellant's own testimony that he and appellee did not discuss any terms of repayment when the vehicle was purchased. He further testified that when his children found out about what he had done for appellee, they were upset and "wanted me to get an agreement." Appellant admitted, and the circuit court found, that there was no prior agreement to merge into the loan agreement. The December 2017 loan agreement was no more than an attempt to retroactively create a contract where none existed.

Appellant argues that the "**only** way this case may be upheld on appeal is if this Court finds the July 17, 2017 purchase of the vehicle by the Appellant was a gift." He is mistaken. Appellant's failure to prove the existence of a contract does not shift the burden to appellee to prove that the vehicle was purchased as a gift, and he fails to cite legal authority to suggest otherwise.

We affirm the circuit court's order dismissing appellant's breach-of-contract claim finding that the December 2017 loan agreement was not a valid contract because it lacked the elements of legal consideration and mutual obligation.

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*Easley & Houseal, PLLC*, by: *Austin H. Easley*, for appellant.

*Andrea Brock, P.A.*, by: *Andrea Brock*, for appellee.

5